UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                Plaintiff,

        -against-

DOE OFFICERS 1-10,

                Defendants.

23-CV-3620 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that ten unidentified federal officers violated his rights.[1] By order dated May 12, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Because Plaintiff alleges that his rights were violated by federal officers, the Court liberally construes Plaintiff's complaint as an action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].").

While the law mandates dismissal on any of these grounds, the Court is obliged to
construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret
them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470
F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in
original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is
plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially
plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that
the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must
accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79
(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of
action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating
legal conclusions from well-pleaded factual allegations, the Court must determine whether those
facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND AND DISCUSSION

Plaintiff brings this complaint alleging that Defendants, whom Plaintiff identifies as
"Federal officers," violated his rights "beginning around the end of July 2019 through present."
(ECF No. 2 at 5-6.) Plaintiff alleges that these unidentified officers "acted in reckless disregard
of Plaintiff's constitutional rights," and that "at least one of the Defendants referred to Plaintiff
and/or called Plaintiff a 'Muslim terrorist' when depriving Plaintiff of his constitutional rights in
July 2019." (*Id.* at 6.) The complaint does not explain who Defendants might be or what they

specifically did to violate Plaintiff's rights. Plaintiff seeks money damages and declaratory and injunctive relief, and assistance from the Court, under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), in identifying Defendants. (*Id.*)

Plaintiff previously filed this identical complaint in this court. *See Azzarmi v. Does*, ECF 1:22-CV-5726, 2 (S.D.N.Y. filed July 4, 2022) ("*Azzarmi I*"). On January 13, 2023, the Court issued an order in *Azzarmi I*: (1) directing Plaintiff to file an amended complaint that complied with federal pleading rules; and (2) declining to issue a *Valentin* order until such time that Plaintiff filed a complaint containing sufficient facts to state a claim. *Id.*, ECF 5. Because Plaintiff failed to file an amended complaint or request an extension of time, the Court dismissed the complaint for failure to state a claim. *Id.*, ECF 6. Plaintiff filed a motion for reconsideration in which he professed confusion about his right to file an amended complaint. *Id.*, ECF 7. The Court denied the motion for reconsideration, but informed Plaintiff that if he wished to pursue these claims, he could "file a new action in this court that addresses the deficiencies noted in the Court's January 13, 2023, order to amend." *Id.*, ECF 8.

Instead of filing a complaint that addressed the deficiencies set forth in the *Azzarmi I* order to amend, Plaintiff submitted an identical copy of the *Azzarmi I* complaint. Accordingly, this complaint is deficient for the same reasons set forth in the January 13, 2023, order to amend issued in *Azzarmi I*, and is dismissed for failure to state a claim.

## LEAVE TO REPLEAD AND LITIGATION HISTORY

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Plaintiff has a history of engaging in vexatious litigation, and he has been warned that if he persists in filing duplicative or frivolous complaints, he will be ordered to show cause why a filing injunction should not be imposed under 28 U.S.C. § 1651. *See Azzarmi v. Sedgewick Claim Mgmt. Svcs. Inc.*, ECF 1:22-CV-5868, 5 (S.D.N.Y. Feb. 6, 2023) (listing cases and issuing warning), *appeal pending* (2d Cir.). Here, Plaintiff resubmitted a complaint that the Court has already deemed deficient, which suggests that Plaintiff did not file it in good faith. In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants him 30 days' leave to replead his claims in an amended complaint. Plaintiff is on notice, however, that the prior warnings remain in effect.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint. Plaintiff must submit any amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-3620 (LTS). An Amended Complaint form is attached to this order. If Plaintiff fails to file an amended complaint within the time allowed, or fails to show cause to excuse such failure, the Court will enter judgment consistent with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates

good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 20, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        _____
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____
(Include case number if one has been
assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes    ☐ No

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
               (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

| First Name | Middle Initial | Last Name |

Street Address

| County, City | State | Zip Code |

Telephone Number       Email Address (if available)

Page 3

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                    Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                    Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                    Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State                  Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.