UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

              Plaintiff,

         -against-

FEDERAL GOVERNMENT; JOHN SMITH
(OFFICIAL AND INDIVIDUAL CAPACITY
UNDER RFRA); TOM JACKSON (OFFICIAL
AND INDIVIDUAL CAPACITY UNDER
RFRA); BOB JOHNSON (OFFICIAL AND
INDIVIDUAL CAPACITY UNDER RFRA);
MARK BANKS (OFFICIAL AND
INDIVIDUAL CAPACITY UNDER RFRA);
DAVID PEREZ (OFFICIAL AND
INDIVIDUAL CAPACITY UNDER RFRA);
RICHARD LEE (OFFICIAL AND
INDIVIDUAL CAPACITY UNDER RFRA),

              Defendants.

23-CV-3620 (LTS)

ORDER OF DISMISSAL AND ORDER TO
SHOW CAUSE UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint

alleging that Defendants violated his rights. By order dated June 20, 2023, the Court directed

Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an

amended complaint on July 24, 2023, and the Court has reviewed it. The action is dismissed for

the reasons set forth below.

## BACKGROUND

**A.**     **Prior similar complaint**

       On July 4, 2022, Plaintiff filed in this court a *pro se* complaint alleging that ten

unidentified federal officers had violated his rights. *See Azzarmi v. Does*, ECF 1:22-CV-5726, 2

(S.D.N.Y. filed July 4, 2022) ("*Azzarmi I*"). On January 13, 2023, the Court issued an order in

*Azzarmi I*: (1) directing Plaintiff to file an amended complaint that complied with federal

pleading rules;[1] (2) declining to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d

Cir. 1997), to assist Plaintiff in identifying Defendants, until such time that Plaintiff filed an

adequate pleading; and (3) warning Plaintiff that failure to comply would result in dismissal of

the complaint. *Azzarmi I*, ECF 5. Because Plaintiff failed to file an amended complaint or request

an extension of time, the Court dismissed the complaint for failure to state a claim. *Id.*, ECF 6.

Plaintiff filed a motion for reconsideration in which he professed confusion about his right to file

an amended complaint. *Id.*, ECF 7. The Court denied the motion, but informed Plaintiff that if he

wished to pursue these claims, he could "file a new action in this court that addresses the

deficiencies noted in the Court's January 13, 2023, order to amend." *Id.*, ECF 8.[2]

**B.      This action**

In this new action, filed on May 1, 2023, Plaintiff submitted an original complaint that is

substantially similar to the one he filed in *Azzarmi I*. Plaintiff alleges that "Federal officers,"

violated his rights "beginning around the end of July 2019 through present"; that these

unidentified officers "acted in reckless disregard of Plaintiff's constitutional rights"; and that "at

least one of the Defendants" referred to Plaintiff as a "Muslim terrorist." (ECF 2 at 5-6.)

---

[1] The January 13, 2023 order to amend in *Azzarmi I* stated that Plaintiff's complaint:

Lack[ed] the facts necessary for the Court to determine whether Plaintiff is
entitled to relief. Although Plaintiff identifies Defendants as federal officers, he
does not identify the federal agency that employs them. Further, it is not clear
what these Defendants allegedly did or failed to do that harmed Plaintiff, or where
the events giving rise to his claims occurred. Because such facts are not included,
Plaintiff's claim that his constitutional rights were violated must be regarded as
conclusory, and the Court is unable to determine whether Plaintiff is entitled to
relief.

*Azzarmi I*, ECF 5 at 3.

[2] Plaintiff filed a notice of appeal, which is pending.

By order dated June 20, 2023, the Court dismissed the complaint, with 30 days' leave to replead, because it did "not explain who Defendants might be or what they specifically did to violate Plaintiff's rights," and noted that the complaint was "deficient for the same reasons set forth in the January 13, 2023, order to amend issued in *Azzarmi I*."[3] (ECF 5.)

Plaintiff's amended complaint sets forth the following factual allegations, regarding events that allegedly occurred in New York City "beginning in late July 2019, 2020, 2021, 2022, 2023 & continuing":

> Around late July 2019, because of Plaintiff's religion (Islam), Defendants began conspiring to, conspired, and did actually unlawfully seize Plaintiff, violating Plaintiff's Fourth Amendment rights (Bivens claim), 1st Amendment Rights, 14th Amendment rights, 8th amendment rights, 9th amendment rights, without reasonable cause and without a warrant and without these Federal officials witnessing Plaintiff committing any crimes. Because Plaintiff engaged in free exercise of Plaintiff's religion (Islam) that Defendants were aware of, Defendants retaliated against Plaintiff's free exercise of Plaintiff's religion In violation of Plaintiff's First Amendment rights and other constitutional rights by specifically preventing/impairing/interfering/denying Plaintiff's other First Amendment rights of free speech and to petition the government for a redress of grievances and/or denying Plaintiff access to Court, and even calling Plaintiff a "Muslim terrorist" for Plaintiff's free exercise of Plaintiff's religion. Plaintiff has committed no crimes and no acts of terrorism.

(ECF 7.)

Plaintiff asserts claims under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1(c), and 42 U.S.C. §§ 1981-1987, and names as defendants "the Federal Government," and the following individuals: John Smith, Bob Johnson, Mark Banks, David Perez, Tom Jackson, and Richard Lee. (*Id.* ¶ II.) It is not clear who these individuals are. Plaintiff seeks $1 million in damages and unspecified declaratory and injunctive relief. (*Id.* ¶ IV.)

---

[3] As discussed in more detail below, Plaintiff has a history of engaging in vexatious litigation in this and other courts. The June 20, 2023 order noted that, in light of Plaintiff's litigation history, the refiling of a complaint that had already been deemed deficient in an earlier case was likely not done in good faith. (ECF 5 at 4.)

**DISCUSSION**

The amended complaint is dismissed for the same reasons set forth in the January 13, 2023 order to amend in *Azzarmi I*, and the June 20, 2023 order of dismissal with leave to replead in this case. Plaintiff names individuals, but once again, wholly fails to explain who they are and what they specifically did or failed to do that violated Plaintiff's federally protected rights.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Between *Azzarmi I* and this case, the Court has given Plaintiff three opportunities to file a sufficient pleading, and declines to grant Plaintiff additional opportunities to do so.

**ORDER TO SHOW CAUSE**

A review of the Public Access to Court Electronic Records (PACER) system shows that Plaintiff has an extensive history of engaging in vexatious litigation in this and other districts. Plaintiff has been repeatedly warned that, if he persists in filing duplicative or frivolous complaints in this district, he will be ordered to show cause why a filing injunction should not be imposed under 28 U.S.C. § 1651; at least one other court has already issued such an injunction. *See Azzarmi v. Sedgewick Claim Mgmt. Svcs. Inc.*, ECF 1:22-CV-5868, 5 (LTS) (S.D.N.Y. Feb. 6, 2023) (listing cases and issuing warning), *dismissing appeal as frivolous*, No. 23-245 (2d Cir. June 29, 2023); *Azzarmi v. Delta Airlines, Inc.*, No. 20-CV-1529 (C.D. Cal. Mar. 18, 2021) (dismissing complaint on *res judicata* grounds, noting that Plaintiff is a vexatious litigant, and rejecting for filing Plaintiff's motion for reconsideration), No. 21-55265 (9th Cir. July 23, 2021) (dismissing appeal as frivolous); *Azzarmi v. Wurtz,* No. 20-CV-607 (C.D. Cal. May 21, 2020) (granting motion to deem Plaintiff a "vexatious litigant" and requiring him to seek leave of court

before filing any new actions), *aff'd*, 20-55590 (9th Cir. July 28, 2021); *Azzarmi v. Sedgwick Claims Management Systems, Inc.*, No. 21-CV-10074 (E.D. Mich. Jan. 21, 2021) (dismissing complaint for failure to state a claim), *recons. denied* (E.D. Mich. Feb. 11, 2021), *aff'd*, 21-1185 (6th Cir. Nov. 9, 2021).

Although *pro se* litigants are afforded special solicitude, Plaintiff is very familiar with federal court proceedings. Based on the Court's orders in *Azzarmi I*, the Court finds that Plaintiff should have known that this complaint lacked merit when he filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (explaining that in certain circumstances, a litigious plaintiff may not be entitled to special solicitude because of her familiarity with the legal system).

Accordingly, Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from this court to do so.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

 Dated:   August 7, 2023
          New York, New York

                                           /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,   declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                        Signature

_____           _____

Name                                      Prison Identification # (if incarcerated)

_____           _____

Address          City          State      Zip Code

_____           _____

Telephone Number (if available)           E-mail Address (if available)