UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                Plaintiff,

    -against-

FEDERAL GOVERNMENT, ET AL.,

                Defendants.

23-CV-3620 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On August 7, 2023, the Court dismissed the amended complaint for failure to state a claim on which relief may be granted, and ordered Plaintiff to show cause why, in light of his history of engaging in vexatious litigation, he should not be barred from filing any further civil actions in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard."). On August 15, 2023, Plaintiff submitted a letter challenging the dismissal of this action.[1]

      The Court liberally construes Plaintiff's letter as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a final judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v.*

---

[1] On August 28, 2023, Plaintiff filed a notice of appeal. (ECF 10.) On October 5, 2023, the United States Court of Appeals for the Second Circuit dismissed the appeal because Plaintiff did not pay the filing fee as instructed. *See* No. 23-1203 (2d Cir. Oct. 5, 2023).

*Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## BACKGROUND

### A. Prior similar complaint

On July 4, 2022, Plaintiff filed in this court a *pro se* complaint alleging that 10 federal officers had violated his rights. *See Azzarmi v. Does*, ECF 1:22-CV-5726, 2 (S.D.N.Y. filed July 4, 2022) ("*Azzarmi I*"). On January 13, 2023, the Court issued an order in *Azzarmi I*: (1) directing Plaintiff to file an amended complaint that complied with federal pleading rules;[2] (2) declining to issue an order under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to assist Plaintiff in identifying Defendants, until such time that Plaintiff filed an adequate pleading; and (3) warning Plaintiff that failure to comply would result in dismissal of the complaint. (ECF 5.) Because Plaintiff failed to file an amended complaint or request an extension of time, the Court

---

[2] The January 13, 2023 order to amend in *Azzarmi I* stated that Plaintiff's complaint:

> [l]ack[ed] the facts necessary for the Court to determine whether Plaintiff is entitled to relief. Although Plaintiff identifies Defendants as federal officers, he does not identify the federal agency that employs them. Further, it is not clear what these Defendants allegedly did or failed to do that harmed Plaintiff, or where the events giving rise to his claims occurred. Because such facts are not included, Plaintiff's claim that his constitutional rights were violated must be regarded as conclusory, and the Court is unable to determine whether Plaintiff is entitled to relief.

(ECF 5, at 3.)

dismissed the complaint for failure to state a claim. (ECF 6.) Plaintiff filed a motion for reconsideration in which he professed confusion about his right to file an amended complaint. (ECF 7.) The Court denied the motion, but informed Plaintiff that if he wished to pursue these claims, he could "file a new action in this court that addresses the deficiencies noted in the Court's January 13, 2023, order to amend." (ECF 8.)

### B. This action

In this action, filed on May 1, 2023, Plaintiff submitted an original complaint that is substantially similar to the one he filed in *Azzarmi I.* In it, Plaintiff alleges that "Federal officers," violated his rights "beginning around the end of July 2019 through present"; that these unidentified officers "acted in reckless disregard of Plaintiff's constitutional rights"; and that "at least one of the Defendants" referred to Plaintiff as a "Muslim terrorist." (ECF 2 at 5-6.) By order dated June 20, 2023, the Court dismissed the complaint, granting Plaintiff 30 days' leave to replead, because the complaint did "not explain who Defendants might be or what they specifically did to violate Plaintiff's rights," and noted that the complaint was "deficient for the same reasons set forth in the January 13, 2023, order to amend issued in *Azzarmi I*."[3] (ECF 5.)

On July 22, 2023, Plaintiff filed an amended complaint setting forth the following factual allegations, regarding events that allegedly occurred in New York City "beginning in late July 2019, 2020, 2021, 2022, 2023 & continuing":

> Around late July 2019, because of Plaintiff's religion (Islam), Defendants began conspiring to, conspired, and did actually unlawfully seize Plaintiff, violating Plaintiff's Fourth Amendment rights (Bivens claim), 1st Amendment Rights, 14th Amendment rights, 8th amendment rights, 9th amendment rights, without reasonable cause and without a warrant and without these Federal officials witnessing Plaintiff committing any crimes. Because Plaintiff engaged in free

---

[3] In the June 20, 2023 order, the Court questioned whether Plaintiff had acted in good faith when he refiled a complaint that was substantially similar to one that had already been deemed deficient in an earlier case. (ECF 5 at 4.)

> exercise of Plaintiff's religion (Islam) that Defendants were aware of, Defendants retaliated against Plaintiff's free exercise of Plaintiff's religion In violation of Plaintiff's First Amendment rights and other constitutional rights by specifically preventing/impairing/interfering/denying Plaintiff's other First Amendment rights of free speech and to petition the government for a redress of grievances and/or denying Plaintiff access to Court, and even calling Plaintiff a "Muslim terrorist" for Plaintiff's free exercise of Plaintiff's religion. Plaintiff has committed no crimes and no acts of terrorism.

(ECF 7.)

Plaintiff asserts claims under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1(c), and 42 U.S.C. §§ 1981-1987, and names as defendants "the Federal Government," and the following individuals: John Smith, Bob Johnson, Mark Banks, David Perez, Tom Jackson, and Richard Lee. (*Id.* ¶ II.)

By order dated August 7, 2023, the Court dismissed the amended complaint, for the same reasons set forth in the January 13, 2023 order to amend in *Azzarmi I*, and for the same reasons set forth in the June 20, 2023 order of dismissal with leave to replead issued in this action:

> Plaintiff names individuals, but once again, wholly fails to explain who they are and what they specifically did or failed to do that violated Plaintiff's federally protected rights.

(ECF 8, at 4.)[4]

In his August 15, 2023 letter challenging the dismissal of this action, Plaintiff asserts that: (1) he "amended the complaint and provided all the information" that he was "ordered to provide": (2) he "cannot provide information that he does not have," which is why he requested a *Valentin* order; (3) the Court made up "false reasons" for dismissing the complaint; and (4) the Court is discriminating against him, "lies a lot" and is "hostile" towards him. (ECF 9 at 2.)

---

[4] In light of Plaintiff's history of engaging in frivolous and duplicative litigation, the Court ordered Plaintiff to show cause why a filing injunction should not be imposed against him. (ECF 8, at 4-5.) The Court will address that issue by separate order.

Attached to the letter is copy of Plaintiff's amended complaint, across which is scrawled, "U.S. Marshalls [sic] false arrest." (*Id.* at 8.)

## DISCUSSION

A.  **Motion to Alter or Amend the Judgment under Rule59(e)**

A party who moves to alter or amend a judgment under Rule59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Rule59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Between *Azzarmi I*, and this matter, the Court provided Plaintiff with multiple opportunities to submit a pleading explaining when the underlying events happened; where they happened, who was involved, and what exactly each individual did or failed to do that violated Plaintiff's rights. Instead, Plaintiff submitted substantially similar pleadings alleging, in the most general of terms, that federal officials discriminated against him because of his religion. The Court has no more clarity about the events giving rise to this action than it did before Plaintiff filed *Azzarmi I*. The Court dismissed the

5

matter because Plaintiff's submissions did not comply with federal pleading rules, and not because he named unidentified "John Doe" defendants or was unable to provide information that he could only have discovered through a *Valentin* order, such as the identities, official titles, or addresses of individuals who allegedly violated his rights. Accordingly, the Court denies Plaintiff's motion under Rule 59(e).

**B.      Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Rule 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**C.      Motion for Reconsideration under Rule 60(b)**

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on Rule 60(b) (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1) through(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion (ECF 9) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 12, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge