UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                              Plaintiff,

                    -against-

FEDERAL GOVERNMENT, ET AL.,

                              Defendants.

23-CV-3620 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated August 7, 2023, the Court dismissed the

action as duplicative and lacking in merit. (ECF 8.) Additionally, the Court noted that Plaintiff

has a history of engaging in vexatious litigation, is under a filing injunction in another court, and

has been warned that this Court would consider imposing a filing injunction if he persisted in

filing frivolous lawsuits in this district. (*Id.*); *see Azzarmi v. Sedgewick Claim Mgmt. Svcs. Inc.*,

ECF 1:22-CV-5868, 5 (LTS) (S.D.N.Y. Feb. 6, 2023) (listing cases and issuing warning), No. 23-

245 (2d Cir. June 29, 2023) (dismissing appeal as frivolous); *Azzarmi v. Delta Airlines, Inc.*, No.

20-CV-1529 (C.D. Cal. Mar. 18, 2021 (dismissing complaint on *res judicata* grounds and

rejecting for filing a motion for reconsideration), No. 21-55265 (9th Cir. July 23, 2021)

(dismissing appeal as frivolous); *Azzarmi v. Wurtz,* No. 20-CV-607 (C.D. Cal. May 21, 2020)

(granting motion to deem Plaintiff a "vexatious litigant" and requiring him to seek leave of court

before filing any new actions), *aff'd*, 20-55590 (9th Cir. July 28, 2021); *Azzarmi v. Sedgwick*

*Claims Management Systems, Inc.*, No. 21-CV-10074 (E.D. Mich. Jan. 21, 2021) (dismissing

complaint for failure to state a claim), *recons. denied* (E.D. Mich. Feb. 11, 2021), *aff'd*, 21-1185

(6th Cir. Nov. 9, 2021). Plaintiff recently filed complaints against the same defendant in three

different courts. *See Azzarmi v. Port Auth. of NY and NJ¸* 23-CV-6603 (E.D.N.Y. filed Aug. 28,

2023); *Azzarmi v. Port Auth. of NY and NJ¸* ECF 1:23-CV-7553, 1 (S.D.N.Y. filed Aug. 24, 2023); *Pimentel v. Port Auth. of NY and NJ¸* 23-CV-6603 (D.N.J. filed Aug. 23, 2023).[1]

In light of this litigation history and the prior warnings, the Court ordered Plaintiff to show cause, within 30 days, why he should not be barred, under 28 U.S.C. § 1651, from filing further civil actions *in forma pauperis* ("IFP") in this Court without prior permission. (ECF 8.) *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard.") Plaintiff filed a letter objecting to the dismissal of the action, which the Court addressed in a separate order, but he did not address the filing injunction. Accordingly, the bar order will issue.

## CONCLUSION

The Court hereby bars Plaintiff from filing future civil actions IFP in this court without first obtaining from the court leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files an action in which he seeks to proceed IFP without filing a motion for leave to file, the action will be dismissed for failure to comply with this order.

Plaintiff is further warned that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.* The Clerk of Court is directed to close this action and terminate any motions in this case.

---

[1] Plaintiff has also filed cases under the name Nicholas Pimentel. *See Azzarmi v. Neubauer*, ECF 7:20-CV-9155, 10 n.1 (KMK) (S.D.N.Y. May 19, 2021) (noting that Plaintiff "also goes by the name '"Nicholas Pimentel'") (citing *Pimentel v. Delta Air Lines, Inc.*, 818 F. App'x 100, 101 (2d Cir. 2020) (summary order)).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.

*Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:    October 13, 2023
          New York, New York

                                          /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge

3